### Thomas G. Judd *v.* Brentwood.

Where, in an action against a town for injuries, by reason of a defect in a highway, caused by a certain obstruction, the defendant introduced evidence that at the time of the accident the plaintiff stated the circumstances attending it without saying anything of the obstruction—*held,* that it was not competent for the plaintiff to show that on various other occasions at and about that time he did speak of the obstruction as occasioning the accident.

CASE for personal injuries caused by a defect in a highway, by reason of certain logs within it, which caused an obstruction, and upon which the plaintiff's wagon struck as he was passing, whereby he was thrown to the ground and injured.

The accident happened September 26, 1863, and the suit was brought June 25, 1864, and defendants contended that the claim was stale.

The defendants offered the testimony of several witnesses, tending to show that at the time of the accident the plaintiff and his wife in his presence, she having been with him in the wagon at the time of the accident, stated the circumstances attending it, without saying anything about striking the logs or any other obstruction, but that the account they then gave tended to show that the injuries happened from another cause; and also offered evidence that at various times soon after the accident the plaintiff to various persons gave similar accounts, and the defendant contended from this evidence and the lapse of time that this claim was an afterthought, not made at or near the time, and was stale.

To meet this, the plaintiff offered to show that, at and about the time of the accident, and afterwards at various times, all at times and occasions other than testified about by defendants' witnesses as above stated, the plaintiff said that notwithstanding the unruly conduct of the horse they would have got home safely, if they had not struck something solid near the end of the logs.

The court, however, ruled that the evidence was incompetent, and the plaintiff excepted.

*Hackett* and *Goodall*, for plaintiff.

*Stickney* and *Bell*, for defendant.

BARTLETT, J.  If the plaintiff had testified, and the purpose of the evidence introduced by the defendant was to impeach his credit as a witness, as we infer from the argument, the evidence offered by the plaintiff was inadmissible in answer to it.  Without inquiring what authority is now due to the case of *French* v. *Merrill*, 6 N. H. 468, it is quite sufficient that the present case falls within the rule laid down in *Reed* v. *Spalding*, 42 N. H. 114, for here appears no evidence of any change in his relations to the party or cause since the former statements were made.  If, however, the evidence of the former statements of the plaintiff were introduced by the defendant as the admission of a party, the evidence offered by the plaintiff in reply was equally inadmissible, for he could not rebut the effect of those statements by proving other statements made at other times in his own favor, which fall within the ordinary rule as to the declarations of a party when offered by himself. *Barker* v. *Barker*, 16 N. H. 338; *Woods* v. *Allen*, 18 N. H. 33.

*The exception must be overruled.*